UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SCOTT TRIBBETT, DORIS WOODARD,
ELAINE BOYD,

Plaintiffs,                                Docket No:  1:11-cv-00569

-vs-

                                           JUDGE JANET NEFF

TRI-COUNTY METRO NARCOTICS SQUAD,
INGHAM COUNTY SHERIFF DEPUTY RYAN
CRAMER, in his individual and official capacities,
COUNTY OF INGHAM, a municipal corporation,
COUNTY OF EATON, a municipal corporation,
COUNTY OF CLINTON, a municipal corporation,
CITY OF LANSING, a municipal corporation,
CITY OF EAST LANSING, a municipal corporation,
UNKNOWN JOHN DOE POLICE OFFICERS #1-9,
In their individual and official capacities,

Defendants.
_____/

| | |
|---|---|
| Matthew Stanley Kolodziejski (P71068)<br>Attorney for Plaintiffs<br>500 Griswold, Suite 2340<br>Detroit MI 48226<br>(586) 909-16986<br>mattkolo@comcast.net | David K. Otis (P31627)<br>PLUNKETT COONEY<br>Attorneys for Defendant City of Lansing<br>325 E. Grand River Ave, Ste 250<br>East Lansing, MI 48823<br>(517) 324-5612<br>dotis@plunkettcooney.com |
| Bonnie G. Toskey (P30601)<br>Cohl, Stoker Toskey & McGlinchey, PC<br>Attorney for Def. Cramer and Ingham Cty.<br>601 N. Capitol Ave.<br>Lansing MI 48933<br>(517) 372-9000<br>btoskey@cstmlaw.com | Allan C. Vander Laan (P33893)<br>Andrew James Brege (P71474)<br>Cummings McClorey Davis & Acho, PLC<br>Attorneys for Def. Eaton Cnty.<br>327 Centennial Plaza Bldg.<br>2851 Charlevoix Dr., S.E.<br>Grand Rapids MI 49546<br>(616) 975-7470<br>avanderlaan@cmda-law.com<br>abrege@cmda-law.com |

_____/

## DEFENDANT CITY OF LANSING'S PRE-MOTION CONFERENCE REQUEST

Defendant City of Lansing, by and through its attorneys, PLUNKETT COONEY, files its Pre-Motion Conference Request for a motion to dismiss pursuant to Fed.R.Civ.P. 12(c) and states:

1.      Dismissal of the state law claims against the City of Lansing is warranted as the claims are barred by Michigan's three-year statute of limitations, M.C.L. 600.5805(10), applicable to the state law claim for intentional infliction of emotional distress and 600.5805(2), two-year statute of limitation for state law claims of assault, battery or false imprisonment and barred by governmental immunity under M.C.L. 691.1407(1) for all of the state law claims.

2.      Additionally, Plaintiffs' malicious prosecution claim brought under 42 U.S.C. § 1983 for violation of Plaintiffs' constitutional rights should be dismissed as Plaintiff Tribett pleaded guilty to the criminal charges against him and Plaintiffs Woodard and Boyd admit in the complaint that they were never charged with a crime. (Docket No. 5, Page ID #25, para. 25, 27, 30, 35).

3.      Claims against John Doe police officers should be dismissed as the use of "John Doe" defendant cannot circumvent the statute of limitations. See, Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996).

4.      According to Plaintiffs' complaint, this case arises out of the activities on June 2, 2008 when officers assigned to the Tri-County Metro Narcotics Squad entered the house at 424 and/or 418 W. Jefferson in Dimondale, Michigan.

5.      Plaintiffs filed their original complaint on June 1, 2011 naming the Lansing Police Department, the City of Lansing and other entities. (Docket No. 1).

6.      According to the docket sheet, no summonses were issued for these entities.

7.      The court on September 6, 2011 issued a notice of impending dismissal indicating the defendants had not been served. (Docket No. 4).

8.      On September 13, 2011, Plaintiffs filed a First Amended Complaint naming the City of Lansing and other entities and nine John Doe police officers. (Docket No. 5).

9.      A summons was issued for the City of Lansing and served on September 22, 2011.

10.     The Lansing Police Department was terminated as a defendant on September 13, 2011 as it was not listed in the caption of the amended complaint as a defendant and no summons was issued. Further the LPD is not a proper entity subject to suit.

11.     The Federal Rules of Civil Procedure, specifically Rule 3, govern the commencement and thus tolling the statute of limitation of federal claims but state law determines commencement and tolling in relation to state law claims. See, Bradford v. Bracken County, 767 F.Supp.2d 740, 745-746 (E.D. Ken. 2011) citing Appletree Square I, Ltd. P'ship. v. W.R. Grace & Co., 29 F.3d 1283, 1286 (8th Cir. 1994); French v. Daviess County, Ken., 2009 WL 1766928, Case No. 4:07cv-105-M decided June 23, 2009 and cases cited therein.

12. Under Fed.R.Civ.P. 3, a suit is commenced with the filing of the complaint. Under Fed.R.Civ.P. 4(b) on or after the filing of the complaint, the plaintiff may present a summons to the clerk for issuance to the plaintiff for service. A plaintiff need not obtain the summons when the complaint is filed.

13.     Under M.C.R. 2.101 a civil action is commenced with the filing of a complaint with the court, Under M.C.R. 2.102(A) and (D), on the filing of a complaint a summons is issued and must be served within 91 days.

14.     Under M.C.L. 600.5856 the statute of limitations is tolled in any of the following circumstances: (1) when the complaint is filed, if a copy of the complaint and summons are served within the time frame set by the supreme court, (2) at the time jurisdiction over the defendant is otherwise acquired or (3) at the time notice is given under the medical malpractice statutes. See also, M.C.R. 2.102(D).

15.     Plaintiffs' state law claims against the City of Lansing should be dismissed as the claims against it are barred by M.C.L. 600.5805(2), two-year statute of limitation for state law claims of assault and battery and by M.C.L. 600.5805(10), Michigan's three-year statute of limitations applicable to state law claims for injury to a person such as Plaintiffs' claim for intentional infliction of emotional distress and are barred by governmental immunity under M.C.L. 691.1407(1).

2

16. In the present case the statute of limitations on the state law claims was not tolled as no summons was obtained when the original complaint was filed on June 1, 2011, the summons was not obtained until September 13, 2011 and thus the complaint and summons which were served on September 22, 2011 were not served until after 91 days had elapsed after the filing of the original complaint.

17. Further, dismissal of the state law claims is warranted as they are barred by governmental immunity, M.C.L. 691.1407(1). There is no intentional tort exception to the City's governmental immunity nor is "gross negligence" a standard for determining the immunity of the City. Pohutski v City of Allen Park, 465 Mich 675; 641 NW2d 219 (2002); M.C.L. 691.1407(1) and (2).

15. Claims against any John Doe police officers who might be employed by the City of Lansing are barred by the applicable statute of limitations. See, Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996).

WHEREFORE the City of Lansing requests that this Honorable court schedule a Pre-motion Conference to address a briefing schedule for the dispositive motion .

Respectfully submitted,

PLUNKETT COONEY

Date: November 1, 2011

By: /s/ David K. Otis
David K. Otis (P31627)
Attorney for City of Lansing
City Center Office Building
325 East Grand River Ave., Suite 250
East Lansing, MI 48823
(517) 324-5612
dotis@plunkettcooney.com

## CERTIFICATE OF SERVICE

I hereby certify that on  November 1, 2011 , I electronically filed the City of Lansing's Pre-Motion Conference Request with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

3

By:   /s/ David K. Otis
     David K. Otis (P31627)
     Attorney for City of Lansing
     City Center Office Building
     325 East Grand River Ave., Ste 250
     East Lansing, MI  48823
     (517) 333-6598
     dotis@plunkettcooney.com

Open.18566.12261.11264348-1