UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIS WOODARD,
ELAINE BOYD,

Plaintiffs,

Case No. 1:11-cv-00569

Hon. Janet T. Neff

v.

TRI-COUNTY METRO NARCOTICS SQUAD,
INGHAM COUNTY SHERIFF DEPUTY RYAN CRAMER,
in his individual and official capacities,
COUNTY OF INGHAM,
a municipal corporation,
COUNTY OF EATON,
a municipal corporation,
COUNTY OF CLINTON,
a municipal corporation,
CITY OF LANSING,
a municipal corporation,
CITY OF EAST LANSING,
a municipal corporation,
UNKNOWN JOHN DOE POLICE OFFICERS #1-9,
in their individual and official capacities,

Defendants.

**PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY DEMAND**

---

Matthew S. Kolodziejski (P71068)
Attorney for Plaintiffs
500 Griswold, Suite 2340
Detroit, MI 48226
(586) 909-1696
mattkolo@comcast.net

Patrick A. Aseltyne (P23293)
Shaina R. Reed (P74740)
Johnson Rosati LaBarge Aseltyne & Field PC
Attorneys for Defendant Clinton Co.
303 S Waverly Rd.
Lansing, MI 48917
(517) 886-3800

Thomas M. Yeadon (P38237)
McGinty Hitch Housefield Person
Yeadon & Anderson PC
Attorney for Defendant East Lansing
601 Abbott Rd., P.O. Box 2502
East Lansing, MI 48826
(517) 351-0280
tomyeadon@mcgintylaw.com

Allan C. Vander Laan (P33893)
Andrew James Brege (P71474)
Cummings McClorey Davis & Acho
Attorneys for Defendant Eaton Co.
2851 Charlevoix Dr., SE

paseltyne@jrlaf.com
sreed@jrlaf.com

Timothy M. Perrone (P37940)
Bonnie G. Toskey (P30601)
Cohl Stoker Toskey & McGlinchey PC
Attorneys for Defendants Ingham Co.
and Ingham Sheriff Deputy Ryan Cramer
601 N. Capitol Ave.
Lansing, MI 48933
(517) 372-9000
tperrone@cstmlaw.com
btoskey@cstmlaw.com

Thomas R. Meagher (P32959)
Frank Harrison Reynolds (P29917)
Joshua K. Richardson (P71117)
Foster Swift Collins & Smith PC
Attorneys for Defendant Tri-County Metro Squad
313 S Washington Sq.
Lansing, MI 48933
(517) 371-8161
tmeagher@fosterswift.com
freynolds@fosterswift.com
JRichardson@fosterswift.com

Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com
abrege@cmda-law.com

David K. Otis (P31627)
Gene Hullinghorst (P45557)
Plunkett Cooney
Attorney for Defendant City Lansing
325 E Grand River, Ste. 250
E Lansing, MI 48823
(517) 333-6598
dotis@plunkettcooney.com
ghullinghorst@plunkettcooney.com

---

**PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY DEMAND**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

**NOW COME** the Plaintiffs, by and through counsel, and hereby complain against the above-named Defendants as follows:

**JURISDICTION AND VENUE**

1) This is an action for monetary damages brought by Plaintiffs against the above-named Defendants pursuant to 42 U.S.C § 1983.

2) This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343.

3) Venue is properly brought in this court pursuant to 28 U.S.C. § 1391(b), as the Defendants all reside in, and the claims all arose in, the Western District of Michigan.

4) The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs, interests, and attorney fees.

**PLAINTIFFS AND DEFENDANTS**

5) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

6) At all times relevant to this Complaint, Plaintiffs were and are residents of the State of Michigan.

7) At all times relevant to this Complaint, Scott Tribbett owned and lived in a house located at 424 W. Jefferson, Dimondale, MI 48821.

8) At all times relevant to this Complaint, Plaintiff Doris Woodard owned and lived in a house located at 418 W. Jefferson, Dimondale, MI 48821.

9) Plaintiff Elaine Boyd is a relative of Mr. Tribbett and Mrs. Woodard, and was visiting their homes at the time of the incident giving rise to this lawsuit occurred.

10) At the time of the incident Mrs. Woodard was eighty-two (82) years old and Mrs. Boyd was seventy-eight (78) years old.

11) At all times relevant to this Complaint, all Defendant police officers and deputies were employees of the Tri-County Metro Narcotics Squad, Michigan State Police, Ingham County Sheriff's Department, Eaton County Sheriff's Department, Clinton County Sheriff's Department, Lansing Police Department, and/or East Lansing Police Department, and were acting within the scope and course of their employment and under color of law.

12) At all times relevant to this Complaint, Defendant Ingham County Sheriff Deputy Ryan

Cramer was and is an employee of the County of Ingham through the Ingham County Sheriff's Department, and was acting within the scope and course of his employment and under color of law.

13) At all times relevant to this Complaint, Defendants County of Ingham, County of Eaton, County of Clinton, City of Lansing, and City of East Lansing, were and are organized municipal corporations existing under the laws of the State of Michigan.

14) At all times relevant to this Complaint, the Ingham County Sheriff's Department was and is a subdivision and/or department of the County of Ingham.

15) At all times relevant to this Complaint, the Eaton County Sheriff's Department was and is a subdivision and/or department of the County of Eaton.

16) At all times relevant to this Complaint, the Clinton County Sheriff's Department was and is a subdivision and/or department of the County of Clinton.

17) At all times relevant to this Complaint, the Lansing Police Department was and is a subdivision and/or department of the City of Lansing.

18) At all times relevant to this Complaint, the East Lansing Police Department was and is a subdivision and/or department of the City of East Lansing.

19) All Defendant police officers and deputies are being sued in their individual and official capacities.

## GENERAL ALLEGATIONS

20) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

21) The incident complained of in this lawsuit occurred on or about June 2, 2008 in Eaton County, State of Michigan.

22) On that date, Defendant police officers and deputies, without probable cause violently

entered the homes of Plaintiffs, violated their constitutional protections against unreasonable searches and seizures of their home and persons, and falsely and unreasonably detained Plaintiffs.

23) The search and seizure of Plaintiffs and their homes lasted over three (3) hours.

24) Plaintiffs Mrs. Woodard and Mrs. Boyd, both of whom are elderly, were detained against their will inside the home the entire time.

25) Plaintiffs Mrs. Woodard and Mrs. Boyd were never charged with committing any crime.

**COUNT I - All Defendants**
**42 U.S.C. § 1983 (Unreasonable Search and Seizure)**

26) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

27) All Defendants acted under color of law but contrary to law, and intentionally, unreasonably, and maliciously deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including:

a. Plaintiffs' rights to be free from an unreasonable seizure of their home and person, as guaranteed by Amendments IV and XIV of the United States Constitution, by causing Plaintiffs to be searched and seized without probable cause to believe that they had committed any crime;

b. Plaintiffs' right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution.

28) The search and seizure of Plaintiffs was unlawful.

29) Plaintiffs were aware that they being seized and that their liberty and freedom of movement were being restricted, all of which were done against their will.

30) Defendant municipalities and governmental entities have established a practice, policy,

or custom, which directly and proximately caused the injuries and harm suffered by Plaintiffs as stated more fully throughout this Complaint, by:

a. Training, encouraging, tolerating, and/or expecting its police officers to enforce ordinances and state law without regard to the constitutional rights of citizens in general and Plaintiffs in particular to be free from illegal search and seizure;

b. Failing to properly train, supervise, or discipline its police officers when it became known or apparent that they have violated the constitutional rights of citizens in the manner complained of in this lawsuit;

c. Taking no action when the Defendants knew or should have known of the propensity of its police officers to illegally search and seize its citizens;

d. Failing to properly train its police officers in the limitations of their conduct as required by the Constitution and laws of the United States.

31) It was the practice, policy, or custom of Defendant municipalities and governmental entities to inadequately and improperly investigate complaints of police misconduct.

32) Due to the inadequate and improper investigations and deliberate indifference, acts of police misconduct were tolerated by Defendant municipalities and governmental entities.

33) By failing to adequately train and supervise its officers, Defendant municipalities and governmental entities failed to adequately discourage its officers from violating the constitutional rights of its citizens and Plaintiffs in particular.

34) As a result of the above-described practice, policy, or custom, Defendant police officers and deputies believed that their actions would not be properly monitored by their supervisors and that misconduct would not be adequately investigated or sanctioned; instead, it would be tolerated.

35) The practice, policy, or custom of Defendant municipalities and governmental entities as set-forth above was the moving force that deprived Plaintiffs of their rights, privileges, or immunities secured under the Constitution, laws of the United States, and 42 U.S.C. 1983, including:

a. Plaintiffs' rights to be free from an unreasonable search and seizure of their person and home, as guaranteed by Amendments IV and XIV of the United States Constitution, by causing Plaintiffs to be searched and seized without actual or arguable probable cause to believe that they had committed any crime;

b. Plaintiffs' right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## DAMAGES

36) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

37) As a direct and proximate result of the acts and omissions of Defendants as stated within this Complaint, Plaintiffs suffered injuries and damages including, but not limited to:

a. Loss of liberty, freedom, and cherished constitutional rights;

b. Emotional distress, humiliation, outrage, indignity, anxiety, shock, and fear;

c. Damage to reputation;

d. Economic losses including attorney fees;

e. Compensatory, exemplary, and punitive damages;

f. Additional damages that are currently unascertainable.

## CONCLUSION AND RELIEF REQUESTED

38) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

39) Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants, jointly and severally, for compensatory, exemplary, and punitive damages in whatever amount the jury may determine, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C § 1988.

**PLAINTIFFS DEMAND A JURY TRIAL**

Respectfully submitted,

/s/ Matthew S. Kolodziejski

Matthew S. Kolodziejski (P71068)
Attorney for Plaintiffs
500 Griswold, Suite 2340
Detroit, MI 48226
(586) 909-1696
mattkolo@comcast.net

Dated: January 2, 2012

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIS WOODARD,
ELAINE BOYD,

Plaintiffs,

Case No. 1:11-cv-00569

Hon. Janet T. Neff

v.

TRI-COUNTY METRO NARCOTICS SQUAD,
INGHAM COUNTY SHERIFF DEPUTY RYAN CRAMER,
in his individual and official capacities,
COUNTY OF INGHAM,
a municipal corporation,
COUNTY OF EATON,
a municipal corporation,
COUNTY OF CLINTON,
a municipal corporation,
CITY OF LANSING,
a municipal corporation,
CITY OF EAST LANSING,
a municipal corporation,
UNKNOWN JOHN DOE POLICE OFFICERS #1-9,
in their individual and official capacities,

Defendants.

**PROOF OF SERVICE**

---

Matthew S. Kolodziejski (P71068)
Attorney for Plaintiffs
500 Griswold, Suite 2340
Detroit, MI 48226
(586) 909-1696
mattkolo@comcast.net

Patrick A. Aseltyne (P23293)
Shaina R. Reed (P74740)
Johnson Rosati LaBarge Aseltyne & Field PC
Attorneys for Defendant Clinton Co.
303 S Waverly Rd.
Lansing, MI 48917
(517) 886-3800

Thomas M. Yeadon (P38237)
McGinty Hitch Housefield Person
Yeadon & Anderson PC
Attorney for Defendant East Lansing
601 Abbott Rd., P.O. Box 2502
East Lansing, MI 48826
(517) 351-0280
tomyeadon@mcgintylaw.com

Allan C. Vander Laan (P33893)
Andrew James Brege (P71474)
Cummings McClorey Davis & Acho
Attorneys for Defendant Eaton Co.
2851 Charlevoix Dr., SE

paseltyne@jrlaf.com
sreed@jrlaf.com

Timothy M. Perrone (P37940)
Bonnie G. Toskey (P30601)
Cohl Stoker Toskey & McGlinchey PC
Attorneys for Defendants Ingham Co. and Ingham Sheriff Deputy Ryan Cramer
601 N. Capitol Ave.
Lansing, MI 48933
(517) 372-9000
tperrone@cstmlaw.com
btoskey@cstmlaw.com

Thomas R. Meagher (P32959)
Frank Harrison Reynolds (P29917)
Joshua K. Richardson (P71117)
Foster Swift Collins & Smith PC
Attorneys for Defendant Tri-County Metro Squad
313 S Washington Sq.
Lansing, MI 48933
(517) 371-8161
tmeagher@fosterswift.com
freynolds@fosterswift.com
JRichardson@fosterswift.com

Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com
abrege@cmda-law.com

David K. Otis (P31627)
Gene Hullinghorst (P45557)
Plunkett Cooney
Attorney for Defendant City Lansing
325 E Grand River, Ste. 250
E Lansing, MI 48823
(517) 333-6598
dotis@plunkettcooney.com
ghullinghorst@plunkettcooney.com

---

**PROOF OF SERVICE**

I certify that on January 2, 2012 I served Plaintiffs' Second Amended Complaint and Jury Demand on all attorneys of record through the Court's ECF system.

/s/Matthew S. Kolodziejski
Matthew S. Kolodziejski

Dated: January 2, 2012